Li v. Bondi

BIA
McKee, IJ
A206 890 750

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

JIANCHUAN LI,
> *Petitioner,*

v.                                                    **23-7141**
                                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Troy Nader Moslemi, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianchuan Li, a native and citizen of the People's Republic of China, seeks review of an August 25, 2023, decision of the BIA affirming a March 22, 2022, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianchuan Li*, No. A 206 890 750 (B.I.A. Aug. 25, 2023), *aff'g* No. A 206 890 750 (Immigr. Ct. N.Y.C. Mar. 22, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA, i.e., minus the findings the BIA declined to reach regarding Li's use of a smuggler or the name of his pastor. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard," and we review "questions of law and

2

the application of law to fact" de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, we find that substantial evidence supports the agency's adverse credibility determination given the inconsistencies between Li's oral

testimony and his supporting documentation as to: (1) whose home he was in when he was arrested; (2) whether he required surgery; and (3) whether he complied with the requirement that he report to the police.[1]  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.   Multiple inconsistencies would so preclude even more forcefully.").

First, Li was inconsistent as to whose home he visited for church on the day of his arrest.   In his written application, Li reported that he was at "Huang Daming's house."   Cert. Admin. R. at 382.   At the hearing, however, he testified on direct that the gathering was at the home of "Huang Da Peng."   *Id.* at 94.   And then on cross-examination he said that it was "held in the home of Chen Yuen." *Id.* at 108.   When asked to clarify, he alternated between saying that the gathering was at the home of "Huang Da Peng" and "Chen Yuen."   *See id.* at 107–10, 114–

---

[1] Although Li did not challenge these findings before the BIA, we consider him to have generally exhausted review of the adverse credibility determination except as specifically addressed because the BIA affirmed the adverse credibility determination, it did not explicitly find that he waived review of that determination, and the government does not invoke exhaustion except as to discrete issues.   *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (concluding that exhaustion is a non-jurisdictional claim-processing rule "subject to waiver and forfeiture").

4

In his petition, Li acknowledges these inconsistencies, but argues that "Huang Da Ming" and "Huang Da Peng" are similar sounding names, rendering the inconsistency trivial. However, he does not address the inconsistency as to "Chen Yuen" and, as the government argues, his explanation that the first two names were similar is unexhausted because he did not raise it before the agency. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Second, the record is inconsistent as to the injuries Li suffered in detention. Li testified that his thumb was broken, that he was hospitalized for one month, and that he had surgery on his thumb. But he gave conflicting testimony as to whether his thumb was bleeding , and none of the medical records provided by Li mentioned surgery. Li's wife's letter was also inconsistent with his testimony, as the letter stated that "his hand was . . . bleeding" from the injuries he sustained, Cert. Admin. R. at 198, though Li ultimately confirmed that his thumb was not bleeding, *id.* at 121. *See Xiu Xia Lin*, 534 F.3d at 167 (relying in part on omissions in third-party letters as to facts "not directly material" to petitioner's claim to support an adverse credibility determination). Apart from Li's failure to "offer

5

[even] a plausible explanation" for these inconsistencies, he has certainly failed to "demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted).

Finally, Li made inconsistent statements about whether he reported to the police after his release from detention. He testified at the hearing that the "[p]olice wanted [him] to report to them every month on the 10th and the 25th," that he missed the first date because he was in the hospital, and that the police "smashed [his] vegetable [vendor] stand." Cert. Admin. R. at 101–03. In his written application, however, Li stated that he did not report to the police only because he had to work. In his credible fear interview, Li similarly said that he reported to the police "except when [he] was working out of town." *Id.* at 170. Moreover, in contrast to his testimony about the vegetable stand being smashed, he stated he had no further trouble before he left China. Li was not responsive when asked for explanations for these inconsistencies, and contrary to his explanation here, the questions at his credible fear interview were not vague.

These multiple inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*,

6

534 F.3d at 167.   The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts.   *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court